860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin BENNETT, Plaintiff-Appellant,
v.
Donald HOUSEWORTH; Mark Smith, Assistant, Resident Unit,
SPSM, Jackson, Michigan; Frank Elo, Deputy Warden, at SPSM,
Jackson, Michigan; Herbert Grinage, Assistant Deputy
Warden, SPSM, Jackson, Michigan, Defendants- Appellees.
 No. 88-1460.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1988.
 
 1
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, and RONALD E. MEREDITH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kevin Bennett filed this prisoner civil rights action in the district court under 42 U.S.C. Sec. 1983, alleging that the defendant prison officials negligently exposed him to threats from other prisoners during a transfer between prisons. Specifically, plaintiff alleged that defendants, in violation of prison policy failed to note plaintiff's protective custody status on the transfer order. The district court dismissed plaintiff's complaint because plaintiff alleged mere negligence, which is not actionable under Sec. 1983. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).
 
 
 4
 Upon careful consideration, we conclude that plaintiff has alleged mere negligent conduct, not grossly negligent conduct, on the part of defendants. Therefore, plaintiff's claim is not actionable as a fourteenth amendment due process violation regardless of whether plaintiff was deprived of a liberty interest created by prison policy. See Davidson, 474 U.S. at 347-48. Further, mere negligence is insufficient to support a claim for deprivation of plaintiff's eighth amendment right to remain free from cruel and unusual punishment. See Whitley, 475 U.S. at 319. Thus, we conclude that plaintiff's complaint was properly dismissed.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation